161   657
179   369

# GOODMAN, Plaintiff in Error, v. CROWLEY et al.

### Division One, March 29, 1901.

1. **Trust in Land:** CONTRACT: PURCHASE MONEY. Where it is admitted that deceased furnished the money to buy the land, there must be proof that the purchaser owed her sister some money and had agreed to pay the debt with the land, or in some other way it must be clearly established that she held the land in trust for her sister under a positive and unequivocal contract, before the court will declare that such purchaser, the grantee in the deed, was a mere trustee for such sister. And statements by the purchaser that she intended to buy it for her sister, and (after it was bought) that her sister was "running it now" and that those who wished to rent it "must see her," do not establish such contract, even though such sister was by the grantee put in possession of the land. Possession does not prove the contract or trust relation, in face of the deed.

2. ———: GIFT. Courts of equity can not perfect a gift of land or a voluntary settlement attempted wholly without consideration, however worthy or commendable they may be. Nor is the building of an inexpensive corn crib for the storage of crops by the donee's husband while in possession of the land sufficient consideration. The gift must be executed in order to be valid. Oral declarations by the donor that she holds the land in trust for the use and benefit of a sister, are not sufficient to establish the trust.

3. ———: ———: CHANGING CAUSE. Plaintiff can not allege that deceased held the title in the land in trust for her under a specific contract, and then on appeal show it was an executed gift.

4. ———: ———: ———: NO AMENDMENT OF PLEADINGS. Where there is a failure to establish the contract as alleged, or where a state of facts different from those pleaded are developed on the trial, and the pleadings are not amended to conform to the evidence, no relief can be granted.

Vol 161 mo—42

Error to Ray Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*J. L. Farris & Son* for plaintiff in error.

(1)   Judgment should have been rendered for plaintiff upon either of two grounds, viz.:   (a)   Full prepayment on account of previous indebtedness due from Nannie Crowley to the plaintiff.   (b)   By relying upon the promise of gift and being induced to erect valuable improvements thereon. If either of the above propositions were true, then there was equity in the bill, and the petition should not have been dismissed.   (2)   Even if this was a gift, equity will enforce specific performance of contract where plaintiff upon the making of the gift to her and from thence on has improved and occupied the premises.   If the evidence discloses anything, it is that the gift was made to take effect then, and thereafter Miss Crowley ever spoke of the land as her sister's land, and shows an expressed and actual giving.   Hubbard v. Hubbard,   140 Mo. 300; Dozier v. Matson, 94 Mo. 332; Anderson v. Scott, 94 Mo. 637; Emmel v. Hayes, 102 Mo. 186; Hays v. Railroad, 108 Mo. 554; Hiatt v. Williams, 72 Mo. 214; Gupton v. Gupton, 47 Mo. 37; Despain v. Carter, 21 Mo. 331; Dougherty v. Harsel, 91 Mo. 161.

*Lavelock & Kirkpatrick* for defendants in error.

(1)   Courts of equity will decree specific performance of parol contracts and declare trusts in land only on proof which is so clear, positive and unequivocal as to leave no reasonable doubt in the mind of the chancellor.   A preponderance of the evidence will not be sufficient to justify such a decree.   The security of titles vested by plain deeds can not

be overturned and trusts established on testimony of loose, vague or casual remarks. Pomeroy on Spec. Per. of Cont. (2 Ed.), secs. 58-145; 2 Beach on Mod. Eq. Jur., sec. 584; 1 Greenl. on Evid. (15 Ed.), sec. 200; 1 Phillips on Evid., p. 479; Taylor v. Williams, 45 Mo. 84; Johnson v. Quarles, 46 Mo. 426; Stevenson v. Adams, 50 Mo. 476; Ringo v. Richardson, 53 Mo. 394; Berry v. Hartzell, 91 Mo. 136; Taylor v. Von Schraeder, 107 Mo. 226; King v. Isley, 116 Mo. 159; Tcats v. Flanders, 118 Mo. 669; Pitts v. Weakley, 155 Mo. 136. (2) The claim of plaintiff to the real estate in question can not be sustained on the theory of a donation. The bill does not allege a gift, nor would the evidence sustain it if alleged. Pomeroy on Spec. Per. of Cont. (2 Ed.), sec. 131; Anderson v. Scott, 94 Mo. 644; Knapp v. Knapp Pub. Co., 127 Mo. 127; In re Estate of Soulard, 141 Mo. 659; Pitts v. Weakley, 155 Mo. 136. (3) A bill to declare and enforce a trust in land resting in parol can not be maintained if in the nature of an express trust. R. S. 1899, sec. 3416; 1 Beach on Mod. Eq. Jur., sec. 234; 1 Perry on Trusts (5 Ed.), sec. 76; Green v. Cates, 73 Mo. 115; Weiss v. Heitkamp, 127 Mo. 23; Rogers v. Ramey, 137 Mo. 608; Hillman v. Allen, 145 Mo. 645. (4) If plaintiff was the owner of this land, why delay asserting her claim until after the death of Miss Crowley? Equity requires that parties shall come into court with clean hands, and with reasonable diligence as well. Beach on Mod. Eq. Jur., sec. 17; 2 Story's Eq. Jur. (13 Ed.), sec. 771; Wendover v. Baker, 121 Mo. 291.

ROBINSON, J.—This is a suit in equity brought by appellant against the administrator and heirs of Nannie Crowley, deceased, the object and purpose of which is to have a trust declared in forty acres of land in Ray county, in this State, and title thereto vested in plaintiff, and to enjoin the admin-

istrator from proceeding with the sale of said lands as the property of said Nannie Crowley deceased. .

The grounds specified for the pretended trust are set forth in the following allegation of the bill:

"Plaintiff for further statement of her cause of action and equitable relief, states that on or about June 12, A. D. 1890, Nannie Crowley, being indebted to plaintiff in the sum of about $800 and knowing that plaintiff wanted to purchase the following described real estate, to-wit, the northwest quarter of the southwest quarter of section 19, township 54, range 29, Ray county, Missouri, which lay close to and adjoining the homestead of plaintiff, and knowing that plaintiff, in order to purchase said land, was compelled to collect the amount then due and owing from her, the said Nannie Crowley, she, the said Nannie Crowley, in consideration of the settlement and payment of said indebtedness due the plaintiff as aforesaid, promised and agreed with plaintiff to purchase the land as aforesaid for plaintiff, taking the title to said land in the name of her, the said Nannie Crowley, as trustee for plaintiff; that soon after said agreement and pursuant thereto, the said Nannie Crowley purchased the lands as aforesaid, taking the legal title in her name; that immediately upon the purchase of said lands as aforesaid, plaintiff by and with the consent of said Nannie Crowley took possession of said lands, and since about the —— day of June, A. D., 1890, has had the absolute and undisputed possession and control thereof; that believing that said lands belonged to plaintiff, plaintiff, with full knowledge on the part of said Nannie Crowley, erected valuable and lasting improvements thereon, to-wit, a barn costing about the sum of $100 which was erected about the year 1892, and also an orchard at about the cost of $100; that by reason of the premises, the said Nannie Crowley was a trustee holding the legal title of said premises for the sole

benefit, use and behoof of plaintiff, her heirs and assigns forever."

The defendants answered separately, by way of general denial, to the allegation of plaintiff's bill, and after a hearing of the facts the bill was by the court dismissed. The controversy is practically one between the plaintiff and the creditors of Nannie Crowley deceased, represented by the administrators, who had obtained an order from the probate court for the sale of the land in suit to pay the debts of the deceased.

If it may be said that the petition sufficiently stated a contract between the plaintiff and the deceased, Nannie Crowley, to raise a trust in plaintiff's favor as to the land in suit, the testimony failed not only to establish the contract as alleged, but to prove any contract whatever regarding the land between plaintiff and the deceased, and there was nothing for the trial court to do but to dismiss plaintiff's bill as it did. The simple statement of the deceased to Mrs. Osborn at the time she bought the land, as to her intentions in buying it, as well as the casual remark made to a neighbor who sought to rent the land of her, as to who had charge of it, and to whom he must go if he desired to rent it, were entirely insufficient to warrant the declaration of such a trust, in the face of the unqualified provision of the deed to the contrary to the deceased.

The statement of Mrs. Osborn to the effect that the deceased Nannie Crowley, had told her before she bought the land of witness, that she wanted to buy it for her sister Jane (the plaintiff herein) and afterwards when she had bought it and taken the deed to it in her own name, that she had done it in order that Mr. Goodman (the plaintiff's husband) could not run through it as he had done with his wife's other property, and that made by the neighbor who applied to rent the place of said Nannie Crowley, to the effect, that she told him that she had nothing to do with it; "that Jane (meaning the

plaintiff) was running it and if he wanted the land he would have to see her," when considered in the light of the admitted facts that the land was paid for with the funds and property solely of the deceased, Nannie Crowley, and that the deed to the land had been taken in her name and that she paid the taxes upon the land regularly every year up to the date of her death, and at all times claimed to own it, are wholly insufficient to establish the contract as alleged, or to show a state of facts, from which the existence of such a contract could be inferred. Nor does the further fact shown, that the husband of plaintiff had the continued use and control of this land from the time of its purchase by the deceased, Nannie Crowley, in 1890, up to the date of her death in 1897, and that at one time he built upon it a small corncrib out of cheap rough lumber, establish the existence of the contract alleged, or constitute facts from which such a contract would necessarily be inferred.

Without proof of the existence of an obligation (as alleged in plaintiff's petition) against the deceased, Nannie Crowley, for $800 (the cost of the land in suit) in favor of plaintiff, which was to be extinguished and settled, if the land in suit was purchased and paid for by the said Nannie Crowley, and that she purchased and paid for the land under such an agreement, the statements of the deceased, Crowley, to Mrs. Osborn as to her intention and purpose in buying the land, and for whose use she was holding it, as well as the statement made by Miss Crowley to the neighbor as to who had charge of and was running the land, amount to nothing. If the deceased, Miss Crowley, had agreed with plaintiff, and promised to do for her all that the witness Osborn and the nieghbor of plaintiff, Mr. McQuary, say that she told them and nothing more had been shown, that agreement could not have been enforced against the deceased, Crowley, during her life, as it cannot be against her heirs and representatives now.

At best the statement of the deceased, Nannie Crowley, could not be construed to mean more than that she intended to, and had made a voluntary gift to or settlement upon her sister (the plaintiff herein), and no rule of equity is better settled than that courts can not be invoked to perfect a defective gift or a voluntary settlement attempted wholly without consideration, however praiseworthy or commendable the effort might appear. While such gift or settlement, if legally and properly made, will be upheld, they must stand as made, or not at all. If the settlement has failed for want of a sufficient conveyance when made, a court of equity has no authority to supply that defect by ordering a conveyance, or convert the imperfect settlement or gift into a declaration of trust, merely on account of such imperfection. As the donor left the transaction, so the court will leave it.

Whatever may have been the intention of the deceased regarding the land in suit, no equity would arise in favor of plaintiff from mere declaration of it, to whomsoever made, as the gift or settlement was in fact never executed; and from what was said by deceased, no act was shown to have been done by plaintiff regarding the land, from which an equity in her favor would arise, if an issue of that kind could be raised and determined, where plaintiff as here, pleaded a contract, and alleged that it was supported by a valuable consideration. The mere unexplained presence of a small and inexpensive corncrib upon the land, other than that it had been builded there by the husband of plaintiff, at some time during the six or seven years that he used and cultivated the land freed from the payment of rent, is too trivial a circumstance upon which to raise an equity in favor of plaintiff, especially when the outlay for such improvements, if paid for by plaintiff or her husband, is shown to be insignificant when compared with

the value of the use of the land for cultivation during that period of time.

But as said, if any trust relation existed between plaintiff and the deceased, Nannie Crowley, it must have grown out of the fact of the existence of the contract alleged in the petition to have been entered into between them, and not that relation arising by operation of law from the act and conduct of the parties to each other regarding this land, as the appellant now, by her brief filed herein, seeks to have asserted.

To appellant's present insistence it would be a sufficient answer, to say, however, that where there is a failure to establish the contract as alleged, or where a state of facts different from those pleaded are developed on the trial, and the pleadings are not amended to conform to the evidence, no relief can be granted.

It is a universal rule that the recovery sought or the relief asked must be founded upon and consistent with the facts set out and embraced in the pleadings. Upon the facts as developed and under the pleadings as they stood, but one judgment was possible, and that the trial court entered. Its judgment is therefore affirmed.

All concur, except *Marshall, J.*, absent.